# Pace *v.* The State.

*Violating Prohibition Law.*

(Decided June 30, 1909.    50 South. 353.)

*Evidence; Conversation; Res Gestae.*—A conversation had between two of the state's witnesses relative to the purchase of whiskey from the defendant, previous to the purchase, and not within the hearing or presence of defendant, is not a part of the res gestae of a subsequent purchase by one of the witnesses from the defendant, and hence, not admissible as to such purchase.

(Simpson and McClellan, JJ., dissent).

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Ike Pace was convicted for violation of the prohibition law, and appeals. Reversed and remanded.

The evidence tended to show that Henry Jones bought some whisky from the defendant, a pint, paying 25 cents therefor. The state was permitted to show, over the objection of the defendant, what Jim Davis said to Henry

[Pace v. The State.]

Jones, and what Henry Jones said to Jim Davis, about buying the whisky before Henry Jones went to the defendant's house. The conversations were in reference to Davis having given Jones money to go buy the whisky, and what was said between them concerning what Jones was about to do. This court admitted this evidence from a number of witnesses.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney General, for the State.

SAYRE, J.—Conversation between the two witnesses for the prosecution, without the presence or hearing of the defendant, in the preparation of their design to procure the defendant to violate the law, afforded clear illustration of the purposes of the witnesses, but shed no light upon the subsequent conduct of the defendant. Its only effect was to lend color of probability to so much of the testimony of the witnesses as was competent, which adventitious aid it did not in law deserve, however, trustworthy it was in fact. It was not, in our opinion, of the res gastæ of the alleged subsequent purchase of whisky by one of the state's witnesses from the defendant, and was not admissible in evidence.

Justice SIMPSON is of opinion that the error was harmless, while Justice MCCLELLAN thinks the evidence properly admitted as a part of the res gestæ.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON, DENSON, and MAYFIELD, JJ., concur. SIMPSON and MCCLELLAN, JJ., dissent.